

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 18, 1939

Hon. Walter C. Woodward
Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-809
Re: Notes secured by first mortgages
upon real estate may be used in
payment of the capital stock of
an insurance company.

This will acknowledge receipt of your letter
of May 11, 1939, in which you request our opinion as
to the proper construction of Articles 4717 and 4752,
Revised Civil Statutes of Texas, 1925. For the purpose
of correctly stating your question we set your letter
out in full as follows:

"Please refer to opinion rendered by
Assistant Attorney General Brooks under
date of April 28, 1938, in connection with
the charter application of the Old Faithful
Life Insurance Company of Longview, Texas.
You will note in this opinion Mr. Brooks
holds that giving of notes secured by real
estate upon which the stockholders are the
payors does not comply with the requirements
of Articles 4717 and 4752 with respect to
paying for the capital stock. Under date
of May 18, 1938, the Attorney General by
Mr. Brooks approved the charter of the Old
Faithful Life Insurance Company with the same
notes as capital stock securities which were
considered in his opinion previously mention-
ed. In discussing the matter with Mr. Brooks,
he states that attorneys for the incorporators
of this Company satisfied him that the notes

Hon. Walter C. Woodward, May 13, 1939, Page 2

of the stockholders would qualify in pay-
ment of the capital stock.

"In order to complete our file on
Attorney General opinions, will you please
review the opinion of April 22, 1938, and
if you find that it recites an improper
construction of the law, please officially
advise us."

The opinion of this Department written by
Mr. Richard Brooks, April 22, 1938, to your Department
upon the same question was to the effect that notes se-
cured by real estate where the holders thereof were
payors could not be used in payment of capital stock
of an insurance company.

Article 12, Section 6 of the Texas Constitution
reads:

"No corporation shall issue stock or
bonds except for money paid, labor done or
property actually received, and all ficti-
tious increase of stock or indebtedness
shall be void."

Article 4717, Revised Civil Statutes of Texas,
1925, sets forth the requirements of a charter for a life,
health and accident insurance company and provides in
paragraph (5) thereof that the charter shall set forth
"the amount of its capital stock, not less than one hun-
dred thousand dollars, all of which capital stock must be
subscribed and fully paid up and in the hands of the in-
corporators before said articles of incorporation are
filed."

Article 4752, Revised Civil Statutes of Texas
1925, provides for the creation of a limited stock com-
pany in accordance with the provisions of Article 4717,
supra, with limited rights and privileges and provides
for a minimum "actual paid up capital of twenty-five
thousand dollars."

Article 4705, Revised Civil Statutes of Texas 1925, enumerates certain items of which the capital stock of an insurance company may consist and Section 3 thereof reads:

"In first mortgages upon unincumbered real estate in this state, the title to which is valid, and the mortgage value of which is double the amount loaned thereon, exclusive of buildings, unless such buildings are insured in some responsible company and the policy or policies transferred to the company taking such mortgage."

It was held by the Supreme Court of Texas in the case of General Bonding & Casualty Insurance Company et al vs. Moseley et al, 222 SW 861 that a note of a subscriber to capital stock in an insurance company secured by a valid first mortgage on real estate to which the subscriber has title, accepted by the corporation in payment for the stock, is "property actually received" within the meaning of Article 12, Section 9 of the Constitution and therefore valid.

Chief Justice Phillips, speaking in the above case said:

"A subscriber's note secured by a valid first mortgage upon real estate, accepted by the corporation in payment of stock, cannot be held as other than property in the full sense of the Constitution. The corporation thereby obtains something more than the mere promise of the subscriber to pay. It obtains the right to have the land appropriated to the payment of the note. This is a valuable right, a property right, as fully so as any contract right, and, in general, as valuable as any such right. The corporation received it and owns it. It constitutes a distinct asset in its hands; recognized, generally, as one of the most stable, desirable and easily convertible forms of property."

The identical holding, as above set out, was likewise announced by Justice McClendon of Section (b)

of the Commission in the case of Prudential Life Insurance Company of Texas vs. Pearson, 222 SW 967.

We wish to particularly call your attention to the fact that in the cases of Washer vs. Smyer (Tex. Sup. Ct.) 211 SW 985 and Thompson vs. First State Bank of Amarillo (Tex. Sup. Ct.) 211 SW 977, cited by Mr. Brooks in his opinion of April 22, 1938, the notes in question were unsecured and the court rightfully held them to be "mere promises to pay" and not property within the meaning of the Constitution, Article 12, Section 6. The case of General Bonding & Casualty Insurance Company vs. Moseley (Tex. Civ. App.) 174 SW 1031, also cited by Mr. Brooks, was expressly overruled by the Supreme Court in 222 SW 961, above referred to.

It is, therefore, the opinion of this Department and you are so advised that the payment of capital stock of an insurance company with notes secured by first mortgages on unincumbered real estate in Texas is valid, conditioned upon a strict compliance with all the provisions contained in Article 4705, supra. We expressly overrule the opinion of this Department, dated April 22, 1938 by Mr. Brooks to the contrary.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN